AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT

for the

District of New Mexico

FILED
United States District Court
Albuquerque, New Mexico
Erik Paltrow
Clerk of Court

United States of America
v.
Michael Jody TRUJILLO

*Defendant(s)*

Case No. MJ 26-5783 JMR

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of June 18, 2026 in the county of Bernalillo in the District of New Mexico, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 21 U.S.C. §§ 841(a)(1) & (b)(1)(A)(viii); 18 U.S.C. § 2 | Distribution of 50 grams and more of methamphetamine; accessory to the same. |

This criminal complaint is based on these facts:

See attached affidavit, prepared by DEA SA Jennifer T. Hernandez.

☑ Continued on the attached sheet.

*Complainant's signature*

SA Jennifer T. Hernandez

*Printed name and title*

Telephonically Sworn and Electronically Signed

Date: 10/28/2026

*Judge's signature*

City and state: Albuquerque, NM

Jennifer M. Rozzoni, U.S. Magistrate Judge

*Printed name and title*

Print Save As... Attach Reset

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Jennifer T. Hernandez, Special Agent ("SA") of the Drug Enforcement Administration ("DEA"), being duly sworn, depose and state as follows:

### INTRODUCTION

1. I am a Special Agent (SA) with the Drug Enforcement Administration (DEA) and have been employed since August 2023. I am currently assigned to the Albuquerque District Office (ADO), charged with investigating drug trafficking and money laundering violations under Titles 18 and 21 of the United States Code.

2. I have received 16 weeks of specialized training in Quantico, Virginia, pertaining to drug trafficking, money laundering, undercover operations, and electronic and physical surveillance procedures, confidential source operations, criminal law, and investigations involving federal electronic surveillance statutes, to include Title III wiretaps, drug identification, search warrants, and vehicle stops.

3. My experience as a Special Agent includes, but is not limited to, conducting electronic and mobile surveillance, executing search warrants, handling and processing evidence, undercover operations, writing reports, managing cases, monitoring Title III interceptions, authoring T-III applications, working related investigations, and corresponding with Assistant United States Attorneys (AUSAs) and judges. I have participated in investigations involving purchases from suspected drug traffickers using both undercover operatives and confidential sources. I have spoken to, and regularly work with, other law enforcement officers with similar experience. I also have experience in analyzing and interpreting drug codes and cryptic dialogue used by drug traffickers.

4. As a result of my training and experience, I am familiar with how various drugs are

ingested and the typical distribution and trafficking methods used by drug dealers and traffickers. In addition, I am also familiar with the typical methods used by traffickers to "courier" and clandestinely transport controlled substance through airports and by common carriers such as the U.S. Mail, small parcel carriers, and freight services. I am familiar with the communication methods drug traffickers use, including common patterns of telephonic phone communication between drug traffickers, their sources of supply, and their customers.

5. I have been involved in an ongoing investigation regarding the distribution of controlled substances, specifically fentanyl and methamphetamine by an organization whose members include Michael TRUJILLO, UNCHARGED CO-CONSPIRATOR 1, and others known and unknown individuals (collectively, the SUBJECTS). Since the investigation's interception, I, as well as other Special Agents and Task Force Officers with DEA and the Internal Revenue Service (IRS), and law enforcement officials from other agencies, have obtained information regarding the illegal drug trafficking of these SUBJECTS and others.

6. I know the facts set forth in this affidavit because of my investigation and interviews with other agents and law enforcement officers. These are not all the facts known to me throughout the course of this investigation, but rather only those that are essential to establish probable cause for charging a complaint against Michael J TRUJILLO (hereinafter referred to as ("TRUJILLO") for the federal violation(s) listed herein.

7. This affidavit is made in support of the insurance of a Criminal Complaint charging TRUJILLO with violations of:

i. 21 U.S.C. §§ 841(a)(1) & (b)(1)(A)(viii), that being distribution of 50 grams and more of methamphetamine;

ii. 18 U.S.C. § 2, that being accessory to the same.

**STATEMENT OF PROBABLE CAUSE**

8. The DEA is conducting an investigation into a drug trafficking organization ("DTO") that imports various narcotics into New Mexico, specifically Albuquerque.

9. Since February of 2026 and prior to June 18, 2026, a DEA UC has conducted several controlled purchases of fentanyl and methamphetamine from an UNCHARGED CO-CONSPIRATOR 1 and one controlled purchase of methamphetamine from UNCHARGED CO-CONSPIRATOR 1. The DEA UC has successfully purchased 7,000 fentanyl pills and 178.5 grams of methamphetamine from UNCHARGED CO-CONSPIRATOR 1 on several different dates. On June 18, 2026, a DEA UC was also successful in purchasing one pound of methamphetamine from Michael TRUJILLO as facilitated by UNCHARGED CO-CONSPIRATOR 1.

10. On June 15, 2026, and June 16, 2026, the DEA UC had additional communications with UNCHARGED CO-CONSPIRATOR 1 by telephone and made arrangements to purchase 1 pound of methamphetamine.

11. UNCHARGED CO-CONSPIRATOR 1 used the term "clear," referring to methamphetamine in her communications with the DEA UC. UNCHARGED CO-CONSPIRATOR 1 agreed to provide the DEA UC with a pound of methamphetamine and then told the DEA UC she would "let my homie know." Based on my training, experience and knowledge of the case, I believe UNCHARGED CO-CONSPIRATOR 1 is stating she needs to contact her source of supply for the narcotics.

12. On June 18, 2026, the DEA UC told UNCHARGED CO-CONSPIRATOR 1 that the DEA UC was in town and ready to conduct the transaction with UNCHARGED CO-CONSPIRATOR 1. UNCHARGED CO-CONSPIRATOR 1 delayed the transaction by several hours before she would be ready for the deal. UNCHARGED CO-CONSPIRATOR 1 told the

DEA UC that the price for one pound of methamphetamine was going to be $1350. The DEA UC and UNCHARGED CO-CONSPIRATOR 1 communicated closer in time to the arranged deal. UNCHARGED CO-CONSPIRATOR 1 told the DEA UC to go to the intersection of Paseo and San Pedro for the $1300 methamphetamine deal and requested the DEA UC to let her know when he was close.

13. The DEA UC arrived at the predetermined meet location for the narcotics transaction with UNCHARGED CO-CONSPIRATOR 1. At this time and prior to this arranged buy, Agents and Officers set up surveillance near and around the meet location as well as at TRUJILLO's residence. A short time after the DEA UC arrived at the meet location, Agents observed TRUJILLO exit his residence with a plastic bag and enter his vehicle. TRUJILLO traveled to the meet location and met with the DEA UC. TRUJILLO arrived at the meet location without UNCHARGED CO-CONSPIRATOR 1 present. The DEA UC successfully exchanged $1,300 in United States (US) currency to TRUJILLO for approximately one pound of methamphetamine from TRUJILLO. During the transaction, TRUJILLO placed the previously observed plastic bag into the DEA UC vehicle and at this point the DEA UC provided TRUJILLO with the US currency. Once the deal was concluded, TRUJILLO exited the DEA UC vehicle with no plastic bag. He returned to his vehicle, departed the area and returned to his residence.

14. The suspected methamphetamine was weighed and field tested. The methamphetamine weighed approximately 497.5 grams and field tested positive for methamphetamine. Methamphetamine Lab provided a report which indicated the suspected methamphetamine tested positive for methamphetamine with 99% substance purity.

15. All of the events described above occurred in Bernalillo County, in the District of New Mexico.

**CONCLUSION**

Based on the aforementioned information, there is probable cause to believe that on or about June 18, 2026, TRUJILLO committed a violation of:

i. 21 U.S.C. §§ 841(a)(1) & (b)(1)(A)(viii), that being distribution of 50 grams and more of methamphetamine;

ii. 18 U.S.C. § 2, that being accessory to the same.

I declare under the penalty and perjury that the foregoing is true and correct to the best of my knowledge.

Jennifer T Hernandez

Jennifer T. Hernandez
Special Agent
U.S. Drug Enforcement Administration
Albuquerque District Office

Electronically submitted to me and telephonically sworn on this 28th day of October 2026:

Jennifer M. Rozzoni

Jennifer M. Rozzoni, United States Magistrate Judge
District of New Mexico
Albuquerque, New Mexico