IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Criminal No. 26-MJ-5800-JMR |
| | ) | |
| | ) | |
| **ANGEL RAMIREZ,** | ) | |
| | ) | |
| Defendant. | ) | |

**UNITED STATES OF AMERICA'S MOTION TO DETAIN AND MEMORANDUM IN SUPPORT OF DETENTION**

The United States of America hereby submits this memorandum in support of the detention of Defendant Angel Ramirez. There is no condition or set of conditions that will truly guarantee Defendant's appearance at future judicial proceedings and the safety of the community. Thus, the United States respectfully requests that this Court detain Defendant as both a flight risk and a danger to the community.

## I. BACKGROUND

On October 29, 2026, Defendant was charged by criminal complaint with two counts:

1. Possession with Intent to Distribute 400 Grams and More of Fentanyl (N-phenyl-N-[1-(2- phenylethyl)-4-piperidinyl] propanamide) in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(vi); and
2. Using and Carrying a Firearm During and in Relation to a Drug Trafficking Crime, and Possessing a Firearm in Furtherance of Such Crime in violation of 18 U.S.C. § 924(c)(1)(A)(i).

On October 29, 2026, Defendant is scheduled for her Initial Appearance.

## II. THE UNITED STATES IS ENTITLED TO A DETENTION HEARING BASED ON THE SERIOUS NARCOTICS TRAFFICKING AND FIREARMS RELATED CHARGED CONDUCT

The United States is entitled to move for detention under three independent grounds pursuant to 18 U.S.C. § 3142(f)(1)(B) and (C) and (E). The United States makes that motion here and will make this motion in open Court at Defendant's initial appearance. First, both of Defendant's charges include a maximum sentence of life imprisonment. The United States is therefore entitled to a detention hearing under 18 U.S.C. § 3142(f)(1)(B). Second, Defendant is charged with an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.). Because Defendant's anticipated sentence is well beyond ten years in prison (in fact this is just the mandatory minimum as to the narcotics trafficking charge), the United States is entitled to a detention hearing pursuant to 18 U.S.C. § 3142(f)(1)(C). Finally, Defendant's 924(c) charge implicates her use and possession of a firearm, the United States is therefore also entitled to a detention hearing pursuant to 18 U.S.C. § 3142(f)(1)(E).

## III. LAW REGARDING PRE-TRIAL DETENTION

Congress has set forth a rebuttable presumption that detention is the only way to adequately protect the community from individuals charged under 18 U.S.C. § 924(c). 18 U.S.C. §§ 3142(e)(3)(B). Section 3142(e)(3) details a statutory presumption "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." It is Defendant's burden to rebut this presumption. *United States v. Stricklin*, 932 F.2d 1353, 1354 (10th Cir. 1991)("Once the presumption is invoked, the burden of production shifts to the defendant.") For pretrial detention, the lack of reasonable assurance of

either the defendant's appearance or the safety of others in the community is sufficient; both are not required. Stated another way, even absent a flight risk, danger to the community alone is a sufficient reason to order pretrial detention. *United States v. Salerno*, 481 U.S. 739, 755 (1987).

In order to rebut the presumption favoring detention, Defendant must "introduce some evidence contrary to the presumed fact." *United States v. Gilkeson*, 431 F. Supp. 2d 270, 295 (N.D.N.Y. 2006) (citing *United States v. Rodriguez*, 950 F.2d 85, 88 (2d Cir. 1991)); *see also Stricklin*, 932 F.2d at 1355. If Defendant is able to satisfy her burden of production, the United States would bear the burden of persuasion, by clear and convincing evidence, that she presents a danger to the community or, by a preponderance of evidence, that she presents a risk of flight. *Id.*

To determine whether the presumptions of dangerousness and flight are rebutted by Defendant, the Court must consider the factors set forth in 18 U.S.C. § 3142(g):

(1) the nature and circumstances of the crime charged;
(2) the weight of the evidence against the defendant;
(3) the history and characteristics of the defendant, including family ties, employment, financial resources, community ties, drug or alcohol abuse history, and past conduct;
(4) the nature and seriousness of the danger to the community or to an individual that would be posed by release.

Even if Defendant were able to meet her burden of production, the presumption favoring detention would not disappear. *Stricklin*, 932 F.2d at 1355; *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001). Instead, the presumptions of dangerousness and flight would remain factors to be weighed by the Court in reaching its pretrial-detention ruling. The evidence in this case strongly demonstrates that Defendant should be detained as both a flight risk and as a danger to the community. The United States requests the detention of Defendant based on the factors outlined in 18 U.S.C. § 3142(g).

## IV. ARGUMENT

Defendant poses a clear danger to the community, and even to members of her own family who appear to have been present in the home Defendant kept well stocked with narcotics, firearms, and drug proceeds, through her willing involvement in large-scale trafficking activity. The recent seizure of more than $600,000 in bulk cash from her residence further underscores both the scope of her criminal conduct and her access to substantial and rapidly deployable resources. Those resources, now partially restrained, heighten rather than diminish the risk of flight. This is because Defendant no longer has lawful means of financial stability, yet she has already demonstrated access to significant illicit funds. Taken together, these circumstances establish that she is both a danger to the community and a pronounced risk of nonappearance.

The evidence demonstrates that Defendant, though publicly occupying a relatively low-level role in her employment as a paralegal with the State of New Mexico's Department of Justice, nonetheless held a position of public trust funded by taxpayers, and she appears to have leveraged that status to facilitate large-scale drug trafficking in her role. She previously appears to have spent years working in other state prosecutor's offices. She further appears to have exploited her clean criminal history and her internal access to the justice system to create a veneer of legitimacy, one that masked the storage of bulk quantities of fentanyl powder, fentanyl pills, heroin, substantial drug proceeds, and firearms (including three stolen firearms) amassed in quantities and varieties that made her home a distribution hub for fatal poison and the deadly instruments of drug-fueled violence prior to its detection and seizure by the DEA. Defendant presented as a benign public employee while enabling dangerous criminal enterprises beneath that facade. Her apparent willingness to use her public position to shield and support trafficking operations underscores the grave danger she poses to the community and strongly supports pretrial

detention. Accordingly, there are no conditions, nor any combination of conditions, that can adequately ensure the safety of the community or reasonably guarantee her appearance as required. *See* 18 U.S.C. § 3142(g). Various factors from § 3142 counsel against releasing Defendant from custody prior to trial.

**A. Nature and Circumstances of the Offense**

Drug trafficking involving fentanyl, coupled with the possession and use of firearms, is inherently dangerous conduct that poses an acute threat to public safety. The combination of lethal narcotics and readily accessible weapons is a hallmark of high-risk trafficking operations and significantly increases the likelihood of violence, overdose deaths, and harm to both the immediate community and law-enforcement officers. Courts have consistently recognized that offenses involving large quantities of controlled substances and firearms reflect a level of organization, planning, and willingness to endanger others that strongly supports detention. Here, the nature and circumstances of the charged offenses, trafficking at scale while maintaining firearms to protect the enterprise, demonstrate that Defendant's release would expose the community to precisely the kind of danger Congress intended to address under 18 U.S.C. § 3142(e). If convicted, Defendant can expect to be sentenced to no less than 15 years in prison up to life imprisonment (ten year mandatory minimum up to life as to the first charge of drug trafficking, a mandatory consecutive 5 years up to life for the use and possession of a firearm in furtherance of a drug trafficking offense). The notion of spending the rest of her life in a prison cell creates the ultimate incentive to flee this jurisdiction to avoid such a sentence. This notion is reinforced by Defendant's stacks and stacks and stacks of cash from drug proceeds despite a modest position in the public trust with the State. This factor counsels in favor of detention.

**B. Weight of the Evidence**

The weight of the evidence in this case is strong and militates in favor of detention. However, the government need not set forth all of its evidence against the Defendant at the detention stage of the proceeding. *United States v. Cisneros*, 328 F.3d 610, 618 (10th Cir. 2003) (At the detention stage of the proceeding, the United States "need not offer all of its evidence"). Nevertheless, the weight of the evidence is significant. Defendant was caught in her own drug premises on the morning of the execution of the search warrant into her home. While appearing largely ready to report to work for New Mexico's top State law enforcement official, Defendant was caught totally by surprise by the DEA's enforcement effort to disrupt her drug trafficking activity. Below, from the criminal complaint, represents the scope and scale of Defendant's operation:



*Photographed above are the bulk quantities of cash and fentanyl and other narcotics seized during execution of the warrant on RAMIREZ's residence.*




*Photographed above are the numerous firearms seized during execution of the warrant.*

Three of the firearms above appear based on preliminary inquiries to have further been stolen. Specifically, three of the firearms appear to have been stolen, including one stolen with reference to a burglary at an FFL, prior to their recovery from Defendant's home.

In sum, the evidence against Defendant is strong, so this factor decisively favors detention.

**C. Defendant's History and Characteristics**

Unlike the typical defendant, Defendant occupied a position within the State criminal justice system as a paralegal, a role that not only conferred the trust of taxpayers, but meant that her criminal activity occurred undetected directly under the nose of state and local law enforcement. The evidence shows she exploited that position, along with her lack of criminal history, to mask and facilitate drug-trafficking conduct at a significant scale. Her insider familiarity with law-enforcement processes, combined with the knowledge that she managed to operate undetected while surrounded by those same processes, creates a powerful incentive to flee now that her criminal exposure is clear. It also represents Defendant's lack of respect for the very

system in which she worked. It is unreasonable to expect that Defendant will now suddenly conform to rules of that system. The United States believes that despite having no notable criminal history, Defendant's very lack of history and characteristics made her so highly successful at amassing so much deadly fentanyl powder, fentanyl pills, heroin, drug proceeds, and firearms.

### D. Risk of Danger to Others

During the execution of the warrant, Defendant demonstrated a striking indifference to the extraordinary danger she created inside her own home. She maintained twenty-nine firearms openly throughout her bedroom, surrounded by hundreds of pounds of narcotics and hundreds of thousands of dollars in drug proceeds. She did so not only under the noses of her employers within the State criminal justice system, but also in the presence of several of her own children living in the home. Defendant's only apparent attempt to shield her children from harm was to place the bulk of her fentanyl on top of her gun safe, a meaningless gesture that instead underscored her disregard for the lethal environment she constructed. Stacking deadly narcotics directly atop the tools of black-market enforcement, and interspersing both with the profits of trafficking, inside the very space where her children lived, learned, and played reflects a profound failure of judgment and a severe lack of moral compass. This conduct weighs heavily in favor of detention, as it reveals a willingness to expose even her own family to extreme risk in service of a criminal enterprise.

## CONCLUSION

The Defendant should be detained pending trial because there are no conditions that will reasonably assure their appearance at future court proceedings, nor the safety of the community.

**WHEREFORE**, the United States respectfully requests that this honorable Court find the Defendant is a flight risk and a danger to the community, that no conditions can reasonably assure

her future appearance in Court, nor reasonably assure the safety of the community, and Order that Defendant be detained pending the resolution of this case.

Respectfully Submitted

TODD BLANCHE
Attorney General
RYAN ELLISON
First Assistant United States Attorney

***/s/ Electronically filed on 10/30/2026***
Mark A. Probasco
Assistant United States Attorney
201 Third Street NW, Suite 900
Albuquerque, New Mexico 87102
(505) 346-7274

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send electronic notification to defense counsel of record on this date.

***/s/ Electronically filed on 10/30/2026***
Mark A. Probasco
Assistant United States Attorney